IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| Robin Cashwell, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:12cv522 (TSE/TRJ) |
| | ) | |
| Integrated Technology Solutions, Inc. | ) | |
| *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## REPORT AND RECOMMENDATION

This matter is before the court on defendant Attain, LLC's motion (no. 8) to dismiss,

which was referred (no. 19) to the magistrate judge for a report and recommendation on July 17,

2012.  Plaintiff has filed opposition (no. 22) to the motion, and the court held a hearing on July

20, 2012.  For the reasons stated below, the magistrate judge recommends that the motion be

granted, and the complaint be dismissed without prejudice.

### Jurisdiction and Venue

This court has jurisdiction pursuant to 28 U.S.C. § 1331, as this case appears to arise

under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII").  Given

the address listed for defendant Attain, LLC in the complaint, venue appears proper pursuant to

42 U.S.C. § 2000e-5(f)(3), and defendants have not suggested otherwise.

### Discussion and Findings

Plaintiff alleges in her complaint that she is a "federal contractor working for [defendant

Attain, LLC] and [the United States Department of Agriculture] through [defendant Integrated Technology Solutions, Inc.]"  Plaintiff alleges violations of her civil rights by discrimination based on race and gender, retaliation, "unfair management practices," and pay.  The magistrate judge construes plaintiff's complaint as alleging a claim under Title VII, which "creates a right of action for both private-sector and certain federal employees alleging employment discrimination on the basis of race, color, religion, sex, or national origin." *Laber v. Harvey*, 438 F.3d 404, 415 (4th Cir. 2006) (citing 42 U.S.C. §§ 2000e-5(f)(1), -16(c)).[1]

Before exercising the right of action provided by Title VII, an employee must first exhaust her administrative remedies. *Laber*, 438 F.3d at 415.  She "may not maintain a suit for redress in federal district court until [she] has first unsuccessfully pursued certain avenues of potential administrative relief." *Love v. Pullman Co.*, 404 U.S. 522, 523, 92 S. Ct. 616, 30 L. Ed. 2d 679 (1972).  For a private sector employee such as plaintiff, that entails filing an administrative charge with the Equal Employment Opportunity Commission. *See Laber*, 438 F.3d at 416.

Plaintiff does not allege in her complaint that she has exhausted her administrative remedies by filing a charge with the Equal Employment Opportunity Commission.  Indeed, at the hearing on this motion, plaintiff stated that she had not filed any such charge.  Accordingly, plaintiff cannot maintain a suit against defendant Attain, LLC in this court.  Furthermore, although it does appear that defendant Integrated Technology Solutions, Inc. ("ITS") is in default, plaintiff having effected service (no. 6) and ITS not having answered or otherwise responded to

---

[1] Plaintiff's opposition to the motion to dismiss cites several statutes, including those prohibiting discrimination on the basis of age and whistleblower status.  There are no factual allegations in the complaint supporting claims of discrimination on those bases, and the magistrate judge accordingly construes the complaint as arising solely under Title VII.

the complaint, plaintiff is not entitled to entry of default judgment against ITS for the same

reasons.

## Recommendation

The magistrate judge accordingly recommends that defendant's motion to dismiss be

granted, and that plaintiff's complaint be dismissed without prejudice as against all defendants.

## Notice

By means of the court's electronic filing system and by mailing copies to plaintiff and

ITS, the parties are notified as follows.  Objections to this report and recommendation must be

filed within fourteen (14) days of service on you of this report and recommendation.  A failure to

file timely objections to this report and recommendation waives appellate review of the substance

of the report and recommendation and waives appellate review of a judgment based on this report

and recommendation.


                      /s/
                 Thomas Rawles Jones, Jr.
                United States Magistrate Judge


July 30, 2012
Alexandria, Virginia